UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA


LOCAL UNION NO. 98                          :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS                          :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :
                                            :
        and                                 :
                                            :
ROBERT ROSATO, EDWARD                       :      NO.
GILMORE, GERALD SHAEFFER,                    :
EDWARD COPPINGER, HARRY FOY,                 :
JOHN DOUGHERTY, TRUSTEES OF                  :
THE LOCAL UNION NO. 98                       :
INTERNATIONAL BROTHERHOOD OF                 :
ELECTRICAL WORKERS, HEALTH                   :
AND WELFARE FUND                            :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :
                                            :
        and                                 :
                                            :
THOMAS J. REILLY, DENNIS LINK               :
WILLIAM RHODES, EDWARD                      :
NEILSON, JOHN DOUGHERTY AND                  :
JOSEPH AGRESTI, TRUSTEES OF THE             :
LOCAL UNION NO. 98                          :
INTERNATIONAL BROTHERHOOD OF                 :
ELECTRICAL WORKERS, PENSION FUND            :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :
                                            :
        and                                 :
                                            :
GERALD SHAEFFER, MARY RODDEN                :
HARRY FOY, TODD NEILSON, AND                 :
ERIC TRUXON, TRUSTEES OF THE                :
LOCAL UNION NO. 98                          :
INTERNATIONAL BROTHERHOOD OF                 :
ELECTRICAL WORKERS, VACATION                :
TRUST FUND                                  :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :

       and              :

                        :

BRUCE SHELLY, JAMES   :
SCHLEIDEN, THOMAS MOORE, JR.   :
KEVIN MCQUILLEN, WILLIAM   :
CORAZO, TRUSTEES OF THE   :
LOCAL UNION NO. 98   :
INTERNATIONAL BROTHERHOOD OF   :
ELECTRICAL WORKERS,   :
APPRENTICESHIP TRAINING   :
TRUST FUND   :
1701 Spring Garden Street   :
Philadelphia, PA 19130   :

       and              :

                        :

THOMAS VASOLI, JOSEPH   :
COTUMACCIO, LAWRENCE BRADLEY,   :
HARRY FOY, IGNATIUS FLETCHER,   :
ROBERT KELLEHER, TRUSTEES OF   :
THE LOCAL UNION NO. 98   :
INTERNATIONAL BROTHERHOOD OF   :
ELECTRICAL WORKERS   :
DEFERRED INCOME FUND   :
1701 Spring Garden Street   :
Philadelphia, PA 19130   :

       and              :

                        :

JOHN M. GRAU, JACK F. MOORE,   :
TRUSTEES OF THE NATIONAL   :
ELECTRICAL BENEFIT FUND   :
1500 Walnut Street, Suite 504   :
Philadelphia, Pa 19102   :

       Plaintiffs        :

                        :

       v                :

                        :

RIVERVIEW ELECTRICAL   :
CONSTRUCTION, INC.   :
510 N. Belleview Avenue   :
Cinnaminson, NJ 08077   :

                        :

2

| | |
|---|---|
| and | : |
| | : |
| PATRICIA FLANAGAN | : |
| 510 N. Belleview Avenue | : |
| Cinnaminson, NJ 08077 | : |
| | : |
| and | : |
| | : |
| TIMOTHY FLANAGAN | : |
| 510 N. Belleview Avenue | : |
| Cinnaminson, NJ 08077 | : |
| | : |
| and | : |
| | : |
| THOMAS FLANAGAN | : |
| 510 N. Belleview Avenue | : |
| Cinnaminson, NJ 08077 | : |
| | : |
| Defendants | : |

## **COMPLAINT**

AND NOW come the plaintiffs by and through their attorneys Marino, Conroy & Coyle demand of the defendants jointly and severally, plus interest, costs, and reasonable attorneys fees upon the cause of actions set forth in the following:

## **JURISDICTION AND VENUE**

1.      This action is brought pursuant to Employment Retirement Income Security Act [ERISA], 29 U.S.C.A. § 1001 et seq.

2.      This Court maintains original jurisdiction over the instant claims pursuant to 28 U.S.C.A. § 1331 and 29 U.S.C.A. § 1132(e) as a result of the claims arising under the laws of United States and seeking redress for violations of the ERISA, 29 U.S.C.A. § 1001 et seq.

3.    Venue of this matter is properly laid in this district pursuant to 28 U.S.C.A. §1391(b) and (c) as a result of a substantial part of the events or omissions giving rise to the claims set forth herein having occurred in this judicial district.

## THE PARTIES AND RELATED ENTITIES

4.    Plaintiff Local Union No. 98, International Brotherhood of Electrical Workers (hereinafter referred to as "Local Union No. 98") is an unincorporated association commonly known as a labor union having its principal place of business located 1701 Spring Garden Street, Philadelphia, PA 19130.

5.    Local Union No. 98, IBEW Health & Welfare Fund, ("Health & Welfare Fund"), Local Union No. 98, IBEW Pension Fund ("Pension Fund"), Local Union No. 98, Joint Apprenticeship and Training Fund ("Training Fund"), Deferred Income Fund and IBEW Vacation Trust Fund ("Vacation Fund") are multi-employer benefit funds established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(3) and (37) of ERISA, 29 U.S.C.A. § 1002(3) and (37). Each of the funds aforementioned maintains its principal place of business is located 1701 Spring Garden Street, Philadelphia, PA 19130.

6.    National Electrical Benefit Fund ("NEBF") is a multi-employer pension fund established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(2) and (37) of ERISA, 29 U.S.C. § 1002(3) and (37). NEBF is locally administered by the Pen-Del-Jersey Chapter of the National Electrical Contractors Association whose principal place of business is located 1500 Walnut Street, Philadelphia, PA 19102.

4

7.     The individually named plaintiffs are trustees of the funds aforementioned and are fiduciaries of those Funds within the meaning of ERISA, 29 U.S.C. § 1002(21), and are authorized to advance this action on behalf of the funds for which they are trustees.

8.     Defendant Riverview Electrical Construction, Inc., upon information and belief, is a corporation for profit incorporated established pursuant to the laws of the State of New Jersey with its principal place of business and registered office for process of service located 510 N. Belleview Avenue, Cinnaminson, NJ 08077.   At all relevant times material hereto Riverview Electrical Construction, Inc. was engaged in the business of providing electrical services to the consuming public. At all relevant times material hereto Riverview Electrical Construction, Inc. acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment. Defendant Riverview Electrical Construction, Inc. regularly conducts business or otherwise utilizes the market place of Philadelphia County.

9.     Defendant Patricia Flanagan is an adult individual with an address for service of process located 510 N. Belleview Avenue Cinnaminson, NJ 08077, who, upon information and belief, at all relevant times material hereto was an agent, servant, and employee of defendant Riverview Electrical Construction, Inc. At all relevant times material hereto defendant Patricia Flanagan was a principal of defendant Riverview Electrical Construction, Inc. At all relevant times material hereto defendant Patricia Flanagan acted within the course and scope of her employment and position as President of defendant Riverview Electrical Construction, Inc.

10.     Defendant Timothy Flanagan is an adult individual with an address for service of process located 510 N. Belleview Avenue Cinnaminson, NJ 08077, who, upon information and belief, at all relevant times material hereto was an agent, servant, and employee of defendant Riverview Electrical Construction, Inc. At all relevant times material hereto defendant Timothy

5

Flanagan served as a policy maker of defendant Riverview Electrical Construction, Inc. At all relevant times material hereto defendant Timothy Flanagan acted within the course and scope of his employment with defendant Riverview Electrical Construction, Inc.

11.   Defendant Thomas Flanagan is an adult individual with an address for service of process located 510 N. Belleview Avenue Cinnaminson, NJ 08077, who, upon information and belief, at all relevant times material hereto was an agent, servant, and employee of defendant Riverview Electrical Construction, Inc. At all relevant times material hereto defendant Thomas Flanagan was a policy maker of defendant Riverview Electrical Construction, Inc. At all relevant times material hereto defendant Thomas Flanagan acted within the course and scope of his employment with defendant Riverview Electrical Construction, Inc.

## GENERAL ALLEGATIONS

12.   Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

13.   At all relevant times material hereto Riverview Electrical Construction, Inc. has been a party to the multi-employer collective bargaining agreement between Local Union No. 98 and the Philadelphia division of the Penn-Del-Jersey Chapter, National Electrical Contractor's Association ("Commercial Agreement") [See a copy of a Letter of Assent and the Commercial Agreement attached hereto and marked respectively Exhibit A and B].

14.   Pursuant to Article II, Section 2.03(d) of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to furnish monthly reports to Local Union No. 98 listing the names of the members of the Union employed, number of hours of employment and the gross earnings of each.

15.     Pursuant to Article III, Section 3.01 of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to submit monthly to the NEBF's designated local collection agent an amount equal to 3% of its gross monthly labor payroll which it paid to is obligated to pay its employees in the bargaining unit and a completed payroll report prescribed by the NEBF.

16.     Pursuant to Article III, Section 3.02 of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. agreed to participate in the Labor-Management Cooperation Fund, comply with applicable provisions of the Trust Agreement establishing the fund and provide monthly contributions consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

17.     Pursuant to Article III, Section 3.03 and 3.09(b) of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Health & Welfare Fund and provide monthly payments to the Health & Welfare Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

18.     Pursuant to Article III, Section 3.04 and 3.09(b) of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Pension Fund and provide monthly payments to the Pension Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

19.     Pursuant to Article III, Section 3.05 and 3.09(b) of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Deferred Income Fund and provide monthly

payments to the Deferred Income Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

20.     Pursuant to Article III, Section 3.06 and 3.09(b) of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Apprentice Training Fund and to remit monthly payments deductions from its employees to the Apprentice Training fund consistent with the terms of the Trust Agreement and the Commercial Agreement.

21.     Pursuant to Article III, Section 3.07 of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to deduct from the pay of each employed IBEW member working dues consistent with that amount specified in the approved Local Union No. 98 by-laws and remit the same to Local Union No. 98.

22.     Pursuant to Article III, Section 3.08 and 3.09(b) of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Vacation Fund and to deduct from the pay of each employed IBEW member a percentage of the employee's gross wages as set forth in the Commercial Agreement and forward the same along with a transmittal form setting forth the names of the members of the Union employed, social security number of the employee, individual employee's gross earnings and total gross earnings of all employees to the banking institution managing the fund in a manner consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

23.     Pursuant to Article III, Section 3.08 of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to submit a transmittal form setting forth the

names of the members of the Union employed, social security number of the employee, individual employee's gross earnings and total gross earnings of all employees.

24. Pursuant to Article III, Section 3.02 of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to pay liquidated damages for all delinquent contributions due the Labor-Management Cooperation Fund in the amount of fifteen percent (15%) of the total contribution delinquent, plus interest at the rate of ten percent (10%) per annum of the total contribution until full payment has been received.

25. Pursuant to Article III, Section 3.09(b) of the Commercial Agreement, defendant Riverview Electrical Construction, Inc. is obligated to pay liquidated damages for all delinquent contributions in the amount of ten percent (10%) of the total contribution due, plus interest at the rate of two percent (2%) per month of the total contribution until full payment has been received.

26. Pursuant to Article III, Section 3.01 of the Commercial Agreement, incorporating Article 6, Section 6.9.2 and 6.9.3 of the National Employees Benefit Agreement and Trust for the National Electrical Benefit Fund [NEBF Agreements], a copy of which are attached hereto and marked Exhibit C, defendant Riverview Electrical Construction, Inc. is obligated to pay liquidated damages for all delinquent contributions in the amount of twenty percent (20%) of the total contribution due, plus interest at the rate of ten percent (10%) compounded annually of the total contribution until full payment has been received.

27. Despite repeated demands advanced by the plaintiffs, defendant Riverview Electrical Construction, Inc. has failed to timely remit contributions and deductions due and owing and failed to furnish required monthly reports.

9

**COUNT I**
**ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145**
**LIABILITY FOR DELINQUENT CONTRIBUTIONS, PENALTY AND INTEREST**
**(Plaintiffs v Riverview Electrical Construction, Inc.)**

28.    Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

29.    Defendant Riverview Electrical Construction, Inc. is an employer within the meaning of 29 U.S.C.A. § 1002(5).

30.    Defendant Riverview Electrical Construction, Inc. is obligated to make contributions and submit withholdings to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145.

31.    Defendant Riverview Electrical Construction, Inc. has failed to satisfy its obligation to make contributions and submit withholdings to the aforementioned multi-employer benefit funds in violation of  29 U.S.C.A. § 1145.

32.    As a direct and proximate result of defendant Riverview Electrical Construction, Inc.'s violation of 29 U.S.C.A. § 1145 the aforementioned multi-employer benefit funds have been deprived contribution and remittance totaling an estimated to be a value equal to $42,225.97.

33.    As a direct and proximate result of defendant Riverview Electrical Construction, Inc.'s violation of 29 U.S.C.A. § 1145 penalty and interest has been assessed against Riverview Electrical Construction, Inc., pursuant to section Article III, Section 3.09(b) of the Commercial Agreement equal to the value to be determined at trial.

34.    As a direct and proximate result of defendant Riverview Electrical Construction, Inc.'s violation of 29 U.S.C.A. § 1145 penalty and interest has been assessed against Riverview

Electrical Construction, Inc., pursuant to section Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

35.     As a direct and proximate result of defendant Riverview Electrical Construction, Inc.'s violation of 29 U.S.C.A. § 1145 plaintiffs have been caused to incur costs and reasonable attorneys fees associated with prosecuting this matter.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Riverview Electrical Construction, Inc. and the relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2)

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of defendant;

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.  That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT II
### ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
### LIABILITY FOR DELINQUENT CONTRIBUTIONS,
### PENALTY AND INTEREST
### (Plaintiffs v Patricia Flanagan)

36.  Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

37.  At all relevant times material hereto defendant Patricia Flanagan was a functioning director of defendant Riverview Electrical Construction, Inc.

38.  At all relevant times material hereto defendant Riverview Electrical Construction, Inc. failed to observe corporate formality.

39.  At all relevant times material hereto defendant Patricia Flanagan siphoned funds of the corporation to further a personal agenda and ignored her duty and responsibility as a principal officer of defendant Riverview Electrical Construction, Inc.

40.  At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was undercapitalized for the purpose of its corporate undertaking.

41.  At all relevant times material hereto defendant Patricia Flanagan commingled the assets of the defendant Riverview Electrical Construction, Inc. with her own personal funds and used company funds to satisfy personal expenses.

42.  At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was a facade for the operations of defendant Patricia Flanagan.

43.     At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was the alter ego of defendant Patricia Flanagan.

44.     Defendant Patricia Flanagan is obligated to satisfy the payment of delinquent contributions and remittance to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145 in an amount equal to $42,225.97.

45.     Defendant Patricia Flanagan is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

46.     Defendant Patricia Flanagan is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

47.     Defendant Patricia Flanagan is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Patricia Flanagan and the relief which follows:

I.     That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.     That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

V.     That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2);

VII.     The defendant be enjoined from engaging in future violations of ERISA;

VIII.     That plaintiffs be awarded a constructive trust over the assets of defendant;

IX.      Defendant be ordered to submit to an audit at the request of plaintiffs;

X.     That plaintiffs be awarded further relief as this Court may deem appropriate.

**COUNT III**
**ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145**
**LIABILITY FOR DELINQUENT CONTRIBUTIONS,**
**PENALTY AND INTEREST**
**(Plaintiffs v Timothy Flanagan)**

48.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

49.     At all relevant times material hereto defendant Timothy Flanagan was a functioning director of defendant Riverview Electrical Construction, Inc.

50.     At all relevant times material hereto defendant Riverview Electrical Construction, Inc. failed to observe corporate formality.

51.     At all relevant times material hereto defendant Timothy Flanagan siphoned funds of the corporation to further a personal agenda and ignored his duty and responsibility as a principal officer of defendant Riverview Electrical Construction, Inc.

14

52.    At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was undercapitalized for the purpose of its corporate undertaking.

53.    At all relevant times material hereto defendant Timothy Flanagan commingled the assets of the defendant Riverview Electrical Construction, Inc. with his own personal funds and used company funds to satisfy personal expenses.

54.    At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was a facade for the operations of defendant Timothy Flanagan.

55.    At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was the alter ego of defendant Timothy Flanagan.

56.    Defendant Timothy Flanagan is obligated to satisfy the payment of delinquent contributions and remittance to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145 in an amount equal to $42,225.97.

57.    Defendant Timothy Flanagan is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

58.    Defendant Timothy Flanagan is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

59.    Defendant Timothy Flanagan is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Timothy Flanagan and the relief which follows:

15

I.      That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2);

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of defendant;

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.      That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT IV
## ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
## LIABILITY FOR DELINQUENT CONTRIBUTIONS,
## PENALTY AND INTEREST
### (Plaintiffs v Thomas Flanagan)

60.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

61.     At all relevant times material hereto defendant Thomas Flanagan was a functioning director of defendant Riverview Electrical Construction, Inc.

62.     At all relevant times material hereto defendant Riverview Electrical Construction, Inc. failed to observe corporate formality.

63.     At all relevant times material hereto defendant Thomas Flanagan siphoned funds of the corporation to further a personal agenda and ignored his duty and responsibility as a principal officer of defendant Riverview Electrical Construction, Inc.

64.     At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was undercapitalized for the purpose of its corporate undertaking.

65.     At all relevant times material hereto defendant Thomas Flanagan commingled the assets of the defendant Riverview Electrical Construction, Inc. with his own personal funds and used company funds to satisfy personal expenses.

66.     At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was a facade for the operations of defendant Thomas Flanagan.

67.     At all relevant times material hereto defendant Riverview Electrical Construction, Inc. was the alter ego of defendant Thomas Flanagan.

17

68.     Defendant Thomas Flanagan is obligated to satisfy the payment of delinquent contributions and remittance to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145 in an amount equal to $42,225.97.

69.     Defendant Thomas Flanagan is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

70.     Defendant Thomas Flanagan is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

71.     Defendant Thomas Flanagan is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Thomas Flanagan and the relief which follows:

I.     That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.     That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

V.     That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29

U.S.C.A. § 1132(g)(2);

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of

defendant;

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.      That plaintiffs be awarded further relief as this Court may deem

appropriate.

## COUNT V
## ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1109
## LIABILITY FOR DELINQUENT CONTRIBUTIONS,
## PENALTY AND INTEREST FOR CONTRIBUTIONS
## OWED TO HEALTH & WELFARE FUND
## (Plaintiffs v Patricia Flanagan)

72.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if

set forth fully herein.

73.     At material times relevant hereto defendant Patricia Flanagan was an acting

principal of defendant Riverview Electrical Construction, Inc., was responsible for and ratified

administrative decisions exercised on behalf defendant Riverview Electrical Construction, Inc.,

and was vested with the authority to exercise discretionary control over the management of the

financial responsibilities and business affairs of defendant Riverview Electrical Construction,

Inc.

74.     At material times relevant hereto defendant Patricia Flanagan exercised discretionary control over the management of the financial responsibilities and business affairs of defendant Riverview Electrical Construction, Inc. including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the aforementioned multi-employer benefit fund pursuant to the Commercial Agreement and provisions of the aforementioned Trust Agreement establishing the multi-employer benefit funds.

75.     Pursuant to the Trust Agreements establishing the multi-employer benefit funds unremitted contributions are deemed assets of Funds, considered to be part of the funds, and vested in the fund trustees.

76.     Pursuant to the authority of 29 CFR § 2510.3-102 unremitted contributions are deemed assets of the funds, considered to be part of the funds, and vested in the fund trustees by operation of law.

77.     Defendant Patricia Flanagan is a fiduciary to the aforementioned multi-employer benefit funds within the meaning of 29 U.S.C.A. § 1002(21)(A)(i).

78.     Defendant Patricia Flanagan is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge her duty as a fiduciary with respect to the multi-employer benefit funds solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and their beneficiaries

79.     Defendant Patricia Flanagan is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge her duty as a fiduciary with respect to the multi-employer benefit funds with care, skill, prudence and diligence.

80.     Defendant Patricia Flanagan violated her duty as a fiduciary to the multi-employer benefit funds by utilizing the assets of the multi-employer benefit funds to satisfy

financial obligations not within the meaning of 29 U.S.C.A. § 1004(a)(1) or retained possession and control of monies rightfully belonging to the multi-employer benefit funds.

81.   As a result of defendant Patricia Flanagan's breach of her fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Patricia Flanagan is liable to satisfy payment to the multi-employer benefit funds for the value equal to $42,225.97.

82.   As a result of defendant Patricia Flanagan's breach of her fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Patricia Flanagan is liable to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

83.   As a result of defendant Patricia Flanagan's breach of her fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Patricia Flanagan is obligated to satisfy the value of penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

84.   Defendant Patricia Flanagan is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Patricia Flanagan and the relief which follows:

I.   That plaintiffs be awarded recovery of unpaid contributions due the multi-employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.   That plaintiffs be awarded prejudgment interest;

III.   That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded reasonable attorney fees provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C. § 1132(g)(2)

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of defendant as provided for by 29 U.S.C.A. § 1109(a);

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.      That plaintiffs be awarded further relief as this Court may deem appropriate.


**COUNT VI**
**ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1109**
**LIABILITY FOR DELINQUENT CONTRIBUTIONS,**
**PENALTY AND INTEREST FOR CONTRIBUTIONS**
**OWED TO HEALTH & WELFARE FUND**
**(Plaintiffs v Timothy Flanagan)**

85.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

86.     At material times relevant hereto defendant Timothy Flanagan was an acting principal of defendant Riverview Electrical Construction, Inc., was responsible for and ratified administrative decisions exercised on behalf defendant Riverview Electrical Construction, Inc., and was vested with the authority to exercise discretionary control over the management of the

financial responsibilities and business affairs of defendant Riverview Electrical Construction, Inc.

87.    At material times relevant hereto defendant Timothy Flanagan exercised discretionary control over the management of the financial responsibilities and business affairs of defendant Riverview Electrical Construction, Inc. including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the aforementioned multi-employer benefit fund pursuant to the Commercial Agreement and provisions of the aforementioned Trust Agreement establishing the multi-employer benefit funds.

88.    Pursuant to the Trust Agreements establishing the multi-employer benefit funds unremitted contributions are deemed assets of Funds, considered to be part of the funds, and vested in the fund trustees.

89.    Pursuant to the authority of 29 CFR § 2510.3-102 unremitted contributions are deemed assets of the funds, considered to be part of the funds, and vested in the fund trustees by operation of law.

90.    Defendant Timothy Flanagan is a fiduciary to the aforementioned multi-employer benefit funds within the meaning of 29 U.S.C.A. § 1002(21)(A)(i).

91.    Defendant Timothy Flanagan is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and their beneficiaries

92.    Defendant Timothy Flanagan is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds with care, skill, prudence and diligence.

93.     Defendant Timothy Flanagan violated his duty as a fiduciary to the multi-employer benefit funds by utilizing the assets of the multi-employer benefit funds to satisfy financial obligations not within the meaning of 29 U.S.C.A. § 1004(a)(1) or retained possession and control of monies rightfully belonging to the multi-employer benefit funds.

94.     As a result of defendant Timothy Flanagan breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Timothy Flanagan is liable to satisfy payment to the multi-employer benefit funds for the value equal to $42,225.97.

95.     As a result of defendant Timothy Flanagan's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Timothy Flanagan is liable to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

96.     As a result of defendant Timothy Flanagan's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Timothy Flanagan is obligated to satisfy the value of penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

97.     Defendant Timothy Flanagan is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Timothy Flanagan and the relief which follows:

I.     That plaintiffs be awarded recovery of unpaid contributions due the multi-employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

24

III.     That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim provided for by 29 U.S.C.A. § 1132(g)(1);

V.     That plaintiffs be awarded reasonable attorney fees provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C. § 1132(g)(2)

VII.     The defendant be enjoined from engaging in future violations of ERISA;

VIII.     That plaintiffs be awarded a constructive trust over the assets of defendant as provided for by 29 U.S.C.A. § 1109(a);

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.     That plaintiffs be awarded further relief as this Court may deem appropriate.

**COUNT VII**
**ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1109**
**LIABILITY FOR DELINQUENT CONTRIBUTIONS,**
**PENALTY AND INTEREST FOR CONTRIBUTIONS**
**OWED TO HEALTH & WELFARE FUND**
**(Plaintiffs v Thomas Flanagan)**

98.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

99.     At material times relevant hereto defendant Thomas Flanagan was an acting principal of defendant Riverview Electrical Construction, Inc., was responsible for and ratified

administrative decisions exercised on behalf defendant Riverview Electrical Construction, Inc.,
and was vested with the authority to exercise discretionary control over the management of the
financial responsibilities and business affairs of defendant Riverview Electrical Construction,
Inc.

100.    At material times relevant hereto defendant Thomas Flanagan exercised
discretionary control over the management of the financial responsibilities and business affairs of
defendant Riverview Electrical Construction, Inc. including, but not limited to, authorizing and
tendering the payment of contributions and withholdings due to the aforementioned multi-
employer benefit fund pursuant to the Commercial Agreement and provisions of the
aforementioned Trust Agreement establishing the multi-employer benefit funds.

101.    Pursuant to the Trust Agreements establishing the multi-employer benefit funds
unremitted contributions are deemed assets of Funds, considered to be part of the funds, and
vested in the fund trustees.

102.    Pursuant to the authority of 29 CFR § 2510.3-102 unremitted contributions are
deemed assets of the funds, considered to be part of the funds, and vested in the fund trustees by
operation of law.

103.    Defendant Thomas Flanagan is a fiduciary to the aforementioned multi-employer
benefit funds within the meaning of 29 U.S.C.A. § 1002(21)(A)(i).

104.    Defendant Thomas Flanagan is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1),
to discharge his duty as a fiduciary with respect to the multi-employer benefit funds solely in the
interest of the participants and beneficiaries and for the exclusive purpose of providing benefits
to the participants and their beneficiaries.

105.    Defendant Thomas Flanagan is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds with care, skill, prudence and diligence.

106.    Defendant Thomas Flanagan violated his duty as a fiduciary to the multi-employer benefit funds by utilizing the assets of the multi-employer benefit funds to satisfy financial obligations not within the meaning of 29 U.S.C.A. § 1004(a)(1) or retained possession and control of monies rightfully belonging to the multi-employer benefit funds.

107.    As a result of defendant Thomas Flanagan's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Thomas Flanagan is liable to satisfy payment to the multi-employer benefit funds for the value equal to $42,225.97.

108.    As a result of defendant Thomas Flanagan's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Thomas Flanagan is liable to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

109.    As a result of defendant Thomas Flanagan's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Thomas Flanagan is obligated to satisfy the value of penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

110.    Defendant Thomas Flanagan is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Thomas Flanagan and the relief which follows:

27

I.     That plaintiffs be awarded recovery of unpaid contributions due the multi-employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.     That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim provided for by 29 U.S.C.A. § 1132(g)(1);

V.     That plaintiffs be awarded reasonable attorney fees provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C. § 1132(g)(2)

VII.     The defendant be enjoined from engaging in future violations of ERISA;

VIII.     That plaintiffs be awarded a constructive trust over the assets of defendant as provided for by 29 U.S.C.A. § 1109(a);

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.     That plaintiffs be awarded further relief as this Court may deem appropriate.

Respectfully submitted,

MARINO, CONROY & COYLE
301 Wharton Street
Philadelphia, Pa 19147
Telephone (215) 462-3200
Telecopier (215) 462-4763

By:     SFM6768
Steven F. Marino, Esquire
Attorney I.D. 53034
Attorneys for Plaintiffs

Dated: March 17, 2010